## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Next Modular, LLC

                                   Case No. 1:22-cv-421

             Plaintiff/Counter-Defendant,

vs.                                 Hon. Hala Y. Jarbou

Qadree R. Holmes, Trustee of the
Qadree R. Holmes Trust dated
February 8, 2017 and Troy W. Holmes,
Trustee of the Troy W. Holmes Trust
dated February 8, 2017

             Defendants/Counter-Plaintiff.

### DEFENDANTS/COUNTER-PLAINTIFFS' QADREE R. HOLMES, TRUSTEE OF THE QADREE R. HOLMES TRUST DATED FEBRUARY 8, 2017 AND TROY W. HOLMES, TRUSTEE OF THE TROY W. HOLMES TRUST DATED FEBRUARY 9, 2017 PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendants/Counter-Plaintiffs' Qadree R. Holmes, Trustee of The Qadree R. Holmes Trust Dated February 8, 2017 And Troy W. Holmes, Trustee of The Troy W. Holmes Trust Dated February 9, 2017 ("Defendants"), for their Partial Motion for Summary Judgment ("Motion"), relies upon the accompanying brief and exhibits.

Concurrence of Next Modular, LLC ("Plaintiff") was sought on February 2, 2023, and concurrence was denied. Hence, it is necessary to present this Motion.

WHEREFORE, Defendant respectfully request that the Court enter an Order dismissing Plaintiff's Complaint; granting Defendants' Breach of Contract claim, in part, by entering a judgment against Plaintiff in the amount of $1,369.05, and granting attorney fees to Defendants pursuant to the underlying agreement.

Respectfully submitted,

**DETROIT METRO LAW, PLLC**

/s/ Yasir Muhammad
By:  Yasir Muhammad (P79976)
Attorneys for Defendants
31500 W 13 Mile Rd, Ste 210
Farmington Hills, MI 48334
(313) 568-3055
ymuhammad@detroitmetrolaw.net

Dated:  February 28, 2023

**BRIEF IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS' QADREE R. HOLMES, TRUSTEE OF THE QADREE R. HOLMES TRUST DATED FEBRUARY 8, 2017 AND TROY W. HOLMES, TRUSTEE OF THE TROY W. HOLMES TRUST DATED FEBRUARY 9, 2017 PARTIAL MOTION FOR SUMMARY JUDGEMENT**

## TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES …………………………………………………………ii

II.  STATEMENT OF ISSUES PRESENTED …………………………………...……iii

III. CONCURRENCE STATEMENT……………………………………………….iv

IV.  FACTUAL BACKGROUND………………………………………………..5

V.   STANDARD OF REVIEW ……………………………………………………7

VI.  ARGUMENTS ……………………..……………………..…………………………...8

VII. CONCLUSION …………………………………..…………………………..11

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v Liberty Lobby, Inc*, 477 U.S. 242, 251-52; 106 S. Ct. 2505; 91 L. Ed. 2d 202 (1986)……………………………………………………………………….7

*Oswald v. BAE Industries, Inc*. 2010 WL 3907119, * 1 (E.D. Mich. Sept. 30, 2010), quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987)…..8

*Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995)…………………………8

*Consolidated Rail Corp. v. Rail Services, Inc*., File No. 5:99-CV-144, at *1 (W.D. Mich. Jan. 3, 2001)…………………………………………………………...…9

*Appalachian Railcar Services v. Boatright Enter*, 602 F. Supp. 2d 829, 55868 (W.D. Mich. 2008) …………………………………………………………….10

**Other Authorities**

Fed. R. Civ. P. 56(a) ………………………………………………………..7

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.      Whether Plaintiff can increase the contractual amount without executing change orders pursuant to the contract?

Plaintiff's Answer: Yes

Defendant's Answer: No.

## CONCURRENCE STATEMENT

In accordance with Fed. R. Civ. P. 37 and Local Rule 7.1, and this Court's Practice Guidelines, on February 2, 2023, Defendant's counsel sought concurrence for this Motion, but Plaintiff's counsel failed to respond.

# I.   <u>FACTUAL BACKGROUND</u>

Defendants/Counter-Plaintiffs' Qadree R. Holmes, Trustee of The Qadree R. Holmes Trust Dated February 8, 2017 And Troy W. Holmes, Trustee of The Troy W. Holmes Trust Dated February 9, 2017 ("Defendants") entered into an construction contract with Next Modular, LLC ("Plaintiff") for the development of a home commonly referred to as 80 Pershing St., South Haven, MI 49090 ("Property") on or about August 31, 2020 ("Agreement"). **Exhibit A;** *Agreement.* Consistent with the Agreement, Plaintiff shared three sworn statements indicating the exact amount owed (**Exhibit C;** *Sworn Statements*) – which Defendants did not dispute. However, upon closing out the project, and without any prior disclosures, change orders or correspondence, Plaintiff suggested Defendants cost and the Agreement had now been arbitrarily increased by $23,091.70[1]. As further discussed herein, any changes to the Agreement require a written change order. Additionally, pursuant to the Counter-Complaint, Defendants are entitled to $3,748.88 in liquidated damages and for incomplete/defective work.

---

[1] Plaintiff's sworn statement 4 states the entirety of the $22,450.00 contingency amount is now owed and a "project overage" of $18,241.70 exist. This is a total claim for $40,691.70 in total in excess of the original $280,622.00 owed pursuant to the Contract. Considering $17,600.00 in charge orders were executed and not in dispute by Defendants, Plaintiff's improper claim is for $23,091.70.

Plaintiff was required to deliver a property free of all defects consistent with the Agreement and specifications therein. However, Defendants discovered the following list of damages/issues:

1.     $1,400.00 = The cost to correct the downspouts and/or gutters;
2.     $870.80 = The cost to correct breakers above fireplace, which were not properly functioning;
3.     $218.06 = cost for storage rental;
4.     $17.42 = cost for lock for the storage unit; and
5.     $192.60 = cost for exterior lights for garage.

As testified by the sole member/owner of Plaintiff, Mr. Comino admitted $319.05 of the cost is not in dispute. **Exhibit D;** *Comino Dep 86:6-17.*

Pursuant to the Contract, Counter-Defendant was to provide a "Substantially Completed" product by October 6, 2021.

> [T]he work to be performed under the contract is estimated to be substantially completed 12 (twelve) weeks after the home is set on foundation. "Substantially completed" or "Substantial Completion" shall be defined as: less than 10% of the dollar value of the contracted work remains to be completed, whether invoiced to the to Buyer or not…Builder therefore agrees that, if Substantial Completion is not achieved within the time frame provided herein, the Building shall pay the Buyer, as liquidated damages, and not as penalty, the sum of $25.00 for each day Substantial Completion exceeds the Substantial Completion deadline.

Plaintiff admitted it exceeded the substantial completion deadline by 42 days and consequently owes Counter-Plaintiffs $1050.00 in damages. **Exhibit B;** *Email Admitting Amount.* [2]

There is no genuine issue of material fact as Plaintiff has admitted $1,369.05 shall constitute a setoff in favor of Defendants. [3] The only remaining legal question in dispute, and to be addressed by this Motion, is whether Plaintiffs are entitled to recover $23,091.70 for alleged increase in cost without being able to allocate the total cost to any specific line items and without providing any supporting documentation and change orders?

## II. <u>STANDARD OF REVIEW</u>

Summary Judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v Liberty Lobby, Inc*, 477 U.S. 242, 251-52; 106 S. Ct. 2505; 91 L. Ed. 2d 202 (1986).

---

[2] Plaintiff admitted the total contract amount was 280,622.00 and 90% completion occurred on October 6th.
[3] There is a genuine issue of material fact whether $2,379.83 worth of work performed by Defendants shall also constitute a setoff.

"Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do no traise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Oswald v. BAE Industries, Inc*. 2010 WL 3907119, * 1 (E.D. Mich. Sept. 30, 2010), quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987)."Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995)

## III. ARGUMENT

I. PLAINTIFF CANNOT ARBITRARILY INCREASE THE CONTRACT BALANCE WITHOUT EXECUTING A CHANGE ORDER.

The underlying Agreement provides in relevant part as follows.

**SITE WORK ESTIMATES AND MANAGEMENT FEES:** "Site Work" shall refer to an work on the property, listed on "Appendix B" of this contract, that is completed by Subcontractors and coordinated by Builder. "Site Work Management Fees" shall refer to Builder markup and profits assigned to the site work. Buyer understands and agrees that any representation from Builder of expected costs regarding any subcontracted site work is subject to final bid. Any change orders to the scope of work detailed on Appendix B shall be detailed on a written change order, including applicable Site Work Management Fees and must be approved in writing by the Buyer. (emphasis added)

**CHANGE ORDERS:** Any changes to this contract must be in writing and executed by all parties to the contract. **Exhibit A;** *Agreement pg 2-3*

The Agreement makes it clear that "any changes to this contract" must be in writing. Accordingly, any time plaintiff is seeking to increase the contract amount, it was required to submit the specific increase(s) in writing. To the contrary, Plaintiff did no such thing. Plaintiff is arguing it can arbitrarily and unilaterally increase the total amount at any time during the project – by any sum of money it desires – without seeking a change order from the Defendants. This is contrary to Michigan law. The court in *Appalachian Railcar Services v. Boatright Enter*, 602 F. Supp. 2d 829, 55868 (W.D. Mich. 2008) opined "the principle of freedom of contract does not permit a party unilaterally to alter the original contract." (citations omitted). Not only is Plaintiff making such an argument, it attempted to do exactly that. Plaintiff executed the contract on September 24, 2020 and presented three sworn statements (last one dated July 12, 2021) all stating the Agreement remains unchanged and the total amount due also remains unchanged. However, without any further correspondence or proposed change order, Plaintiff submitted a final invoice and Sworn Statement number 4 claiming it is now owed an additional $23,091.70. To make matters worse, Plaintiff is unable to specify exactly what line items and/or work caused such an increase. **Exhibit F;** *Comino Dep 62:10-21.* Stated otherwise, Plaintiff wants Defendants to blindly pay it additional monies while it is unable to explain what benefit Defendants received to justify such additional monies.

9

There is no dispute and genuine issue of material fact that five (5) change orders were executed for this project. *See* **Exhibit E;** Change Order 4. accordingly, every time the contract was increased throughout the project, a change order was executed. To the extent any dispute exists whether a change order was required to increase the total contract amount, the course of performance between the parties further substantiates that a change order was a prerequisite to increase the contract amount. *Consolidated Rail Corp. v. Rail Services, Inc*., File No. 5:99-CV-144, at *1 (W.D. Mich. Jan. 3, 2001) (Terms of a contract may be oral, and they may be supplied or implied by the parties' conduct and course of performance.).

To the extent Plaintiff argues the amount provided in the Agreement was an "estimate", it still doesn't eliminate the requirement of a change order for "any changes" to the Agreement. The estimate would have to be updated in writing pursuant to the Agreement. Plaintiff did not present any changes in writing until the entire project was completed, and only then attempted to increase the total contract amount. The Agreement also references on numerous occasion the original amount and/or estimate is subject to "final bid". However, no "final bids" were received for this project. Plaintiff did not bid this project out at all. After Defendants disputed the final bill, Plaintiff admitted the reason for the increase is because of "unprecedented spike in construction material and labor markets." **Exhibit H;** *Correspondence re*

*Cost.* Accordingly, Plaintiff is now attempting to ignore the facts and change its arguments to better reflect its legal position.

## <u>CONCLUSION</u>

The total amount in dispute among and between the parties claims and counter claims is $26,840.58. Pursuant to the settlement agreement executed, the remainder of the amount is not in dispute and was never in dispute (settlement agreement may be filed under seal if required). As provided herein, Plaintiff is not entitled to unilaterally increase the total contract price by $23,091.70. Accordingly, pursuant to the "Attorney's Fees" provision in the Agreement, Defendants are entitled to attorney fees and cost as they are considered the prevailing party by improving their position more than Plaintiffs. After hearing on the competing motions for summary judgment, Defendants' counsel will submit its total fees and cost incurred.

WHEREFORE, Defendant respectfully request that the Court enter an Order dismissing Plaintiff's Complaint; granting Defendants' Breach of Contract claim by entering a judgment against Plaintiff in the amount of $1,369.05, and granting attorney fees to Defendants pursuant to the underlying agreement.

Respectfully submitted,

**DETROIT METRO LAW, PLLC**

/s/ Yasir Muhammad

11

By:  Yasir Muhammad (P79976)
Attorneys for Defendants
31500 W 13 Mile Rd, Ste 210
Farmington Hills, MI 48334
(313) 568-3055
ymuhammad@detroitmetrolaw.net

Dated:  February 28, 2023

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Next Modular, LLC

Case No. 1:22-cv-421

          Plaintiff/Counter-Defendant,

vs.

Hon. Hala Y. Jarbou

Qadree R. Holmes, Trustee of the
Qadree R. Holmes Trust dated
February 8, 2017 and Troy W. Holmes,
Trustee of the Troy W. Holmes Trust
dated February 8, 2017

          Defendants/Counter-Plaintiff.

---

### DEFENDANTS/COUNTER-PLAINTIFFS' QADREE R. HOLMES, TRUSTEE OF THE QADREE R. HOLMES TRUST DATED FEBRUARY 8, 2017 AND TROY W. HOLMES, TRUSTEE OF THE TROY W. HOLMES TRUST DATED FEBRUARY 9, 2017 CERTIFICATE OF SERVICE

Yasir Muhammad hereby certifies that on the February 28, 2023, a copy of DEFENDANTS/COUNTER-PLAINTIFFS' QADREE R. HOLMES, TRUSTEE OF THE QADREE R. HOLMES TRUST DATED FEBRUARY 8, 2017 AND TROY W. HOLMES, TRUSTEE OF THE TROY W. HOLMES TRUST DATED FEBRUARY 9, 2017 MOTION FOR SUMMARY JUDGMENT, BRIEF IN SUPPORT and this Certificate of Service was served in accordance with the Court's Electronic Filing Guidelines.  Notice of Electronic Filing of these documents will be sent to all parties by operation of the Court's electronic filing system.

                        /s/ *Yasir Muhammad*
                        Yasir Muhammad

13